UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

VERNON JONES,

          Plaintiff,

-against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER ZAKA
REHMAN, SHIELD # 0820, AND
POLICE OFFICER JOSHUA KIESS,
SHIELD # 01095, EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

          Defendants.

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

08 CV 02758 (DAB)

-------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

**PARTIES**

3. Plaintiff Vernon Jones is a resident of Kings County, New York City in New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about August 11, 2006, at approximately 7:45 P.M., plaintiff was walking in the vicinity of 6th Avenue and West 4th Street, in Manhattan.

10. At that time, he observed the defendant police officer roughly push a black man up against the fence of the basketball court located on a corner of the above intersection, and begin to pat him down.

11. At that time, a second officer directed a driver of a car to turn his music down

and hand over his license.

12. Then, the second officer walked over to a woman selling beads on the sidewalk, and asked her, "Where's your vendor's license?"

13. Although plaintiff did not know any of the people involved, he was disturbed by the manner in which the officers were conducting themselves.

14. Plaintiff spoke to the officers. He said, "It's cops like you that make it hard for other cops to get respect."

15. At that point, the second officer pulled out his stick.

16. Plaintiff became afraid that the officer was going to hit him, so he began to walk away quickly.

17. A woman that was nearby saw what was going on and began to walk alongside plaintiff and told him, "keep walking".

18. The police continued to go towards plaintiff, so the woman, Anna Ghoreshian asked them, "What did he do? Leave him alone?"

19. Instead, the officers proceeded to pepper spray Ms. Ghoreshian and throw her to the ground.

20. Plaintiff was also grabbed and forcibly arrested, causing an injury to his wrist.

21. Ms. Ghoreshian's husband, Reed Dickson was also arrested when he tried to protect his wife.

22. Plaintiff was falsely arrested and unjustifiably charged with various crimes, including resisting arrest, obstruction of governmental administration, harassment and disorderly conduct.

23. Plaintiff was incarcerated for approximately forty five hours before being released at arraignment.

24. On or about May 24, 2007, plaintiff was offered an ACD, which he rejected.

On that date, both Ms. Ghoreshian and Mr. Dickson accepted ACDs.

25.  On November 27, 2007, after numerous court appearances, all charges against Plaintiff were dismissed.

26. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

27. Defendant City knew or should have known that prior to May 24, 2004, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

28. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

29. On or about December 14, 2007, a Notice of Claim was served upon the Defendant New York City, setting forth:

    a)     The name and post office address of the Claimant and his attorney;
    b)     The nature of the claim;
    c)     The time when, the place where, and the manner in which the claim arose;
    d)     The items of damages and injuries sustained so far as practicable.

30. The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

31. Plaintiff's 50-h deposition was scheduled for January 22, 2008, at the law office of Rivera, Hunter, Colon, L.L.P. for 9:30 A.M.

32. The undersigned confirmed this hearing with personnel for Rivera Hunter the week before the scheduled date.

33. On January 22, 2008, at approximately 9:15 A.M., Genese, the calendar clerk called the undersigned and asked if the hearing could be adjourned.

34. The undersigned explained that plaintiff and counsel were a few minutes away and objected to an adjournment on such late notice.

35. At 9:30 A.M., plaintiff and counsel were both present at the law office of Rivera Hunter and plaintiff was prepared to be examined.

36. Plaintiff was informed that there were no attorneys available to conduct the hearing, so plaintiff and counsel left.

37. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

38. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

39. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action, including being available for a 50-h hearing.

5

## FOR A FIRST CAUSE OF ACTION FOR
## <u>VIOLATION OF CIVIL RIGHTS</u>

40. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

41. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

42. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

43. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## <u>FOR VIOLATION OF CIVIL RIGHTS</u>

44. Plaintiff reiterates and realleges the facts stated in paragraphs 1-43 as if stated fully herein.

45. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

46. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

47. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

48. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### THIRD CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

49. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

50. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

51. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR
### ABUSE OF PROCESS AND MALICIOUS PROSECUTION

52. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

53. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law",

7

and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

54. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about November 27, 2007, all charges were dismissed.

55. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

8

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      March 14, 2008

                        RESPECTFULLY,

                        STEVEN A. HOFFNER, ESQ.
                        Attorney for the Plaintiff
                        350 Broadway, Suite 1105
                        New York, New York 10013
                        Tel:    (212) 941-8330
                        Fax:   (212) 941-8137
                        (SH-0585)

## **VERIFICATION**

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       March 14, 2008

_____
STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

VERNON JONES,

        Plaintiff,

  -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER ZAKA
REHMAN, SHIELD # 0820, AND
POLICE OFFICER JOSHUA KIESS,
SHIELD # 01095, EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

        Defendants.

-------------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

    Attorney for Plaintiff
    Steven Hoffner, Esq.
    350 Broadway, Suite 1105
    New York, New York 10013
    Tel   (212) 941-8330
    Fax  (212) 941-8137