

**MEMO ENDORSED**

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JOYCE CAMPBELL PRIVÉTERRE
*Special Federal Litigation Division*
(212) 788-1277
Fax: (212) 788-9776

April 7, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/11/2008

RECEIVED
APR 8 2008
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

**By Hand**
The Honorable Deborah A. Batts
United States District Judge
United States Southern District
500 Pearl St., Room 2510
New York, NY 10007

Re:   Vernon Jones v. City of New York
        08 CV 02758 (DAB)

Your Honor:

I am the attorney assigned to represent the City of New York in the above-referenced civil rights action. I write to respectfully request an enlargement of defendant's time to answer or otherwise respond to the complaint from April 9, 2008 to June 9, 2008. Plaintiff's counsel consents to this request.

Plaintiff alleges, *inter alia*, that on August 11, 2006, plaintiff was falsely arrested and excessive force was used against him by New York City police officers: plaintiff also asserts a claim for malicious prosecution. There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Accordingly, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, may be sealed. This office will also forward to plaintiff for execution medical releases. Defendant cannot obtain these records without the designation, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, there is no indication that the two individually-named officers were served with process. The enlargement will allow plaintiff to serve the defendants. Additionally, assuming plaintiff has properly served the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and



**MEMO ENDORSED**

MEMO ENDORSED

based on a review of the facts of the case, whether we may represent the individually named defendants.  See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made.  Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to June 9, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Joyce Campbell Priveterre (JCP 1846)
Assistant Corporation Counsel

**SO ORDERED**

DEBORAH A. BATTS    4/11/2008
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

cc:    **Via Facsimile**

Steven A. Hoffner, Esq.
350 Broadway, Suite 1105
New York, New York 10013
Tel: (212) 941-8330
Fax: (212) 941-8137