UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
VERNON JONES,

                                                            **ANSWER TO VERIFIED**
                                                            **COMPLAINT**

                                  Plaintiff,

-against-                                                  08 CV 2758 (DAB)

THE CITY OF NEW YORK AND N.Y.C. POLICE
OFFICER ZAKA REHMAN, SHIELD #0820, AND
POLICE OFFICER JOSHUA KIESS, SHIELD # 01095,   Jury Trial Demanded
EACH SUED INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                                  Defendants.
------------------------------------------------------------ X

Defendants City of New York and Zaka Rehman, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows[1]:

1. DenY the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. DenY the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction and purports to base venue as stated therein.

---

[1] Upon information and belief, the individual sued herein as "N.Y.C. Police Officer Joshua Kiess." has not been served and, as such, is not a party to this action.

3. Deny knowledge or information sufficient to form a belief as to the truth of he allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that Zaka Rehman and Joshua Kiess are/were employed by the City of New York as police officers and that plaintiff purports to proceed against the defendant officers as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation that maintains a police department, and respectfully refers the Court to the New York City Administrative Charter for a recitation of the relationship between the City and the New York City Police Department.

6. Defendants state that the statement set forth in paragraph "6" of the complaint is not an averment to which a response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was arrested.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint, except admit that no payment has been made by the City of New York.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their

proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60. Plaintiff may not have not satisfied all the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

63. Defendant Rehman has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims may be barred, in whole or in part, by the applicable Statute of Limitation.

**WHEREFORE**, defendants City and Rehman request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 15, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                         ***Attorney for Defendants City of***
                              ***New York & Rehman***
                          100 Church Street, Rm. 3-148
                          New York, New York 10007
                          (212) 788-1277

By:              _____
                        JOYCE CAMPBELL PRIVETERRE (JCP 1846)
                        Assistant Corporation Counsel

TO:

Steven Alan Hoffner, Esq.
Attorney for Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
Tel: (212) 941-8330
Fax: (212) 941-8137

Index No. **08 CV 2758 (DAB)**

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

VERNON JONES,

                                Plaintiff,

-against-

THE CITY OF NEW YORK AND N.Y.C. POLICE OFFICER ZAKA REHMAN, SHIELD #0820, AND N.Y.C. POLICE OFFICER JOSHUA KIESS, SHIELD # 01095, EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

                                Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City & Rehman*
*City of New York*
*100 Church Street, Room 3-148*
*New York, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*
*NYCLIS No.*

*Due and timely service is hereby Admitted.*


*Joyce Campbell Privéterre, Esq.*

Attorney for City & Rehman